# DENISON F. HOLMES
## v.
## ISAAC E. BLAKE.

*Negotiable Instruments—Note — Assigned after Maturity—Set-off—Application of Payment—Question of Fact—Verdict—Instructions.*

In an action on a promissory note transferred to plaintiff after maturity, where the defense was a set-off, and the case turned on a question of fact as to whether a certain payment, which had been made, was intended to apply on the debt claimed as a set-off, this court holds that the evidence supported the finding of the jury that it was so intended.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. J. M. HUNTER and R. E. EATON, for appellant.

Messrs. GEORGE L. HOFFMAN and HENRY MACKAY, for appellee.

MR. JUSTICE CARTWRIGHT. Appellee sued appellant to recover the amount of a promissory note made by appellant, dated June 21, 1883, for $700, payable to H. C. Blake, with interest at six per cent, and assigned by the payee to appellee after maturity. A trial was had and a verdict rendered for appellee for $1,009.87, on which judgment was entered. The defense made was a set-off against H. C. Blake, the payee of the note, of a sum paid by appellant as surety for him on an administrator's bond. The evidence was that appellant paid $3,060, as claimed, as surety, November 19, 1888, and that he was then indebted to H. C. Blake in the sum of $1,649, on a note for $1,500, dated March 23, 1887, with interest at six per cent, leaving a balance of $1,411, which appellant claimed was a legitimate set-off against the note in suit. About a year before the payment on the administrator's bond, appellee had received from his sister, Anna M. Blake, wife of H. C. Blake, $1,300, and the only matter in dispute at the trial was whether it had been agreed between appellant and Mrs. Blake that the money so received from her, with interest, should be applied on her husband's indebtedness to appellant, so as to reduce the set-off by a deduction of that amount. The jury adopted the claim of appellee that it had been so agreed, as true, and allowed appellant, as set-off, only the balance remaining after deducting said amount, with interest, to the time the payment was made by appellant as surety for H. C. Blake.

Appellant received the $1,300 December 5, 1887, from Mrs. Blake, and she testified that he agreed to give her his note for it, bearing six per cent interest, but never did so. Mrs. Blake and her son, Dennison Blake, testified that at the time of the settlement of the administration matter, November 19, 1888, it was agreed that the amount due Mrs. Blake should be applied on the amount due appellant in that trans-

action from H. C. Blake, and Mary Blake testified that appellant afterward told her that it had been so applied. Appellant contradicted the witnesses to the agreement, and said that he did not recollect making the statement testified to by Mary Blake. It appeared also that appellant had claimed half of the $1,300, and he testified that he had a writing to show for it, but the writing was not produced, and it is not claimed that appellant proved any right to any part of the amount which Mrs. Blake let him have. We think the jury decided the question of fact presented to them correctly on the evidence before them.

It is objected that the fourth instruction for appellee was faulty, but the deficiency was supplied by the second instruction for appellant.

We see no objection to the seventh instruction for appellee.

The judgment will be affirmed.

*Judgment affirmed.*